UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHY DAVIS,<br><br>        Defendant. | Case No. 1:24-cv-00476-JLT-EPG<br><br>ORDER DENYING *IN FORMA PAUPERIS* APPLICATION WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN FORTY-FIVE DAYS<br><br>(ECF No. 2). |

       Plaintiff Candace Smith filed this civil action on April 22, 2024. (*See* ECF No. 1). With the filing of his complaint, Plaintiff submitted an application to proceed *in forma pauperis* (IFP) (ECF No. 2).

       Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the

supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, No. 2020 WL 4350094 (E.D. Cal. July 29, 2020).

With these standards in mind, the Court notes that Plaintiff's IFP application checks "No" on the standard from question that asks if Plaintiff is currently employed. (ECF No. 2, p. 1). However, Plaintiff does not fill out the portion of the form asking the date of Plaintiff's last employment and Plaintiff's employer and pay information. Lastly, Plaintiff indicates that Plaintiff has not received any money from employment over the last twelve months.

Adding further uncertainty to Plaintiff's financial circumstances are Plaintiff's IFP applications filed in other recent cases, including before this Court. Plaintiff filed six cases in February 2024.[1] In three of those cases, including in a different case before this Court, Plaintiff was required to file long-form applications based on confusion as to Plaintiff's employment status. *See* 1:24-cv-00251-EPG, ECF No. 3 at 2-3 (E.D. Cal., Mar. 4, 2024). As the Court noted in that case, "Plaintiff's employment status and potential earnings over the last twelve months need to be accurately reported before this Court can determine whether Plaintiff is eligible to proceed IFP in this action." (*Id.* at 3).

\\\

---

[1] *See* 1:24-cv-00199-JLT-SKO; 1:24-cv-00200-NODJ-BAM; 1:24-cv-00203-JLT-HBK; 1:24-cv-00204-NODJ-SAB; 1:24-cv-00221-NODJ-HBK; and 1:24-cv-00251-EPG.

Accordingly, IT IS ORDERED that:

1. Plaintiff's IFP application (ECF No. 2) is denied without prejudice.
2. The Clerk of the Court shall send Plaintiff a long form IFP application (AO 239).
3. Within forty-five (45) days of the date of service of this order, Plaintiff shall submit the attached IFP application, completed and signed under penalty of perjury, or in the alternative, pay the $405.00 filing fee for this action.
4. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated: __**April 29, 2024**__          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3