UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>              Plaintiff,<br><br>    v.<br><br>KATHY DAVIS,<br><br>              Defendant. | Case No. 1:24-cv-00476-JLT-EPG<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>(ECF No. 7)<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Candace Smith is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court vacates its previous findings and recommendations recommending that this case be dismissed for failure to prosecute and failure to comply with the Court's orders.  The Court further recommends that this case be dismissed for lack of subject-matter jurisdiction.

\\\

1

## I.      SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court may screen Plaintiff's complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

## II.      BACKGROUND

Plaintiff commenced this action on April 22, 2024. (ECF No. 1). The Court screened Plaintiff's complaint on June 27, 2024. (ECF No. 6). As stated in the Court's screening order, "[i]t is not clear what Plaintiff alleges and against whom," but the complaint generally appears to allege that Kathy Davis, a "DMV judge," participated in organized crime, crime against musicians, corruption under oath, sexual assault, property theft, and other torts. (*Id.* at 1, 3).

The Court's screening order concluded that Plaintiff's complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure in that it failed to state any cognizable claims. (*Id.* at 3). Plaintiff was granted 30 days in which to file an amended complaint or to inform the Court that she wished to stand on her original complaint. (*Id.* at 4).

After the deadline to respond to the Court's screening order had passed and Plaintiff did not file an amended complaint or notify the Court that she wished to stand on her original complaint, the Court issued findings and recommendations recommending that this action be

dismissed for failure to prosecute and failure to comply with the Court's orders. (ECF No. 7).

On September 17, 2024, Plaintiff filed a First Amended Complaint, dated July 30, 2024. (ECF No. 8). On September 18, 2024, the Court was notified that the mailing of its findings and recommendations to Plaintiff was returned as "undeliverable, unable to forward." Pursuant to Local Rule 183(b), Plaintiff's notice of change of address is due by November 25, 2024.[1]

Plaintiff's amended complaint contains the same address that the Court has on file, but the Court has noted that Plaintiff's original complaint lists two addresses.

In consideration of Plaintiff's *pro se* status and the return of the Court's findings and recommendations in the mail, the Court will vacate its previous findings and recommendations and screen Plaintiff's First Amended Complaint. Additionally, out of an abundance of caution, the Court will have the Clerk of the Court send this order to both addresses Plaintiff has provided.

Going forward, however, the Clerk will only deliver court documents to Plaintiff's address on file, and the case is subject to dismissal if those documents cannot be delivered. Plaintiff is warned that she must keep her address on file with the Court up to date.

### III.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's FAC (ECF No. 8) alleges as follows:

Plaintiff alleges that her aunt, Kathy Davis, has been abusive to Plaintiff between 1989 and 2023. Plaintiff alleges that Davis has engaged in stalking and harassing Plaintiff; drugging Plaintiff leading to "loss of memory and direction"; exposing Plaintiff to Herpes and HIV; "OD" Plaintiff and sending men to "rape and drug" Plaintiff; stealing and robbing from Plaintiff; "sack[ing]" Davis's boyfriend to drug and kill Plaintiff as Plaintiff watched over her brother "that is believed to be attacked by her mafia"; abusing Plaintiff when Plaintiff was a child and drugging one of Plaintiff's cousins to rape her as a child; "attempt[ing] to earn money from the Plaintiff legacy"; "caurose a dangerous attack against [Plaintiff]"; poisoning and attempting to kill Plaintiff and Plaintiff's unborn child; "committing felonies" against Plaintiff; drugging Plaintiff and Plaintiff's children and attempting to kill them by turning on the gas; and robbing Plaintiff of

[1] Local Rule 183(b) provides, "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may discuss the action without prejudice for failure to prosecute."

3

1   all of Plaintiff's "things" at 719 N Fowler.

2       Plaintiff alleges several causes of action against Davis, including violations of numerous

3   penal code sections, including but not limited to rape, kidnapping, revenge porn, and making

4   criminal threats; a violation of business torts; a violation of California's stalking laws;

5   "[v]iolation of [i]dentity for purposely of gaining money from victim than security themselves

6   after beating up and robbing victim through armed robbery using police and law for stealing";

7   "violation of domestic terrorism act"; "[v]iolation of sexual misconduct for government

8   employees and law/judges"; and "[s]tolen [l]ottery [t]icket." Plaintiff states that she is "asking for

9   her liberty back and to render justice to the Plaintiff," asserting that Davis "violated [Plaintiff's]

10  right to liberty civil rights." Plaintiff asks the Court to retrieve Plaintiff's stolen items, "restoring

11  of reputational and the defendants revealing what they have earn on the part of myself and

12  paying. Monetary damages and punitive damages for the setups and torts for 32 years with

    interest." Plaintiff requests an undisclosed amount.

13  **IV.    ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

14      **A.    Legal Standards for Federal Court Jurisdiction**

15      A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the]

16  case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive*

17  *Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009)

18  (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to

19  determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

20  party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure

21  12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the

22  [C]ourt must dismiss the action."

23      "Federal courts are courts of limited jurisdiction. They possess only that power authorized

24  by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited

25  jurisdiction, and the burden of establishing the contrary rests upon the party asserting

26  jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation

    omitted). There are two main bases to establish subject-matter jurisdiction in a case.

27      First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil

28

4

actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B.    Application to Plaintiff's First Amended Complaint

Applying these standards for Plaintiff's amended complaint, the Court finds that it lacks jurisdiction over Plaintiff's claims.

As to jurisdiction based on diversity of citizenship, Plaintiff's FAC fails to allege that Defendant Kathy Davis is a citizen of a different state than Plaintiff, whose address is indicated as Fresno, California. *See* 28 U.S.C. § 1332(a). In fact, Plaintiff's FAC indicates that Davis is not diverse from Plaintiff because the FAC alleges that Davis's conduct, including the theft of items from Plaintiff's home in California, has been ongoing for over 30 years.  Additionally, Plaintiff's original complaint noted that Kathy Davis's address was in Fresno, California. (ECF No. 1 at 2).

Plaintiff's FAC also fails to state facts to support jurisdiction based on the presence of a federal question. Plaintiff's FAC exclusively lists violations of the California Penal Code, except for one reference to a "[v]iolation of [d]omestic terrorism act." (*Id.* at 5). Plaintiff states no facts supporting such a violation. *See Iqbal*, 556 U.S. at 678 (complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient) (alteration in original) (citation omitted). Moreover, the remaining causes of action concern violations of the California Penal Code.[2]

---

[2] In many instances, Plaintiff expressly indicates that she is alleging violations of the California Penal Code. However, other sections of the complaint simply list "Penal Code" followed by a section citation. *See, e.g.*, ECF No. 8 at 4 ("Violation of committing child abuse and violating Penal Code Section 11165.7"). The Court assumes that Plaintiff's reference to the "Penal Code" throughout her FAC is intended to refer to the California Penal Code. *See* Cal. Penal Code § 11165.7 (defining "mandated

Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this action, and thus this action must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[3]

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the Court recommends that this action be dismissed for lack of subject matter jurisdiction and without further leave to amend.[4]

Further, **IT IS RECOMMENDED** as follows:

1. This action be dismissed for lack of subject-matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the following addresses: P.O. Box 6085, Fresno, CA 93703, and 3269 Sample, Fresno, CA 93703. IT IS SO ORDERED.

Dated:   __November 22, 2024__          ___/s/ Erica P. Grosjean___
                                        UNITED STATES MAGISTRATE JUDGE

---

reporter" within the meaning of the Child Abuse and Neglect Reporting Act).
[3] Plaintiff's complaint would also be subject to dismissal on the basis that it again fails to comply with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted). Because the Court finds that it does not have subject-matter jurisdiction over this action, the Court will not address this issue.
[4] The Court notes that Plaintiff is well-acquainted with federal court rules and pleading requirements as she has filed at least 17 cases in the Eastern District of California this year.